IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BRUCE DOAK,**

        **Petitioner,**

v.                           **CIVIL ACTION NO. 5:05CV175**
                                         **(Judge Stamp)**

**WILLIAM S. HAINES, Warden,**

        **Respondent.**

**REPORT AND RECOMMENDATION**
**28 U.S.C. § 2254**

**I. Introduction**

On October 17, 2005, Bruce Doak [hereinafter referred to as "petitioner"], a state prisoner, filed a *pro se* petition under the provisions of 28 U.S.C. §2254 complaining of numerous irregularities allegedly committed by the parole board in reaching its decision denying his application for parole. There is presently pending before the Court on the respondent's motion to dismiss for failure to exhaust state remedies. On December 27, 2005, the undersigned issued a Roseboro Notice, to which no reply has been received.

This matter is pending before me for initial review and report and recommendation pursuant to Standing Order of Reference for Prisoner Litigation Filed Pursuant to 28 U.S.C. §2254 (Standing Order No. 5), LR PL P 83.13.

**II. Factual Background**

On March 9, 2001, the petitioner was sentenced in the Circuit Court of Raleigh County, West Virginia, to a term of fifteen years on the charge of voluntary manslaughter. He did not appeal from his judgment of conviction, nor did he attempt to collaterally attack his conviction.

Thereafter, the petitioner's effective sentencing date was changed to September 29, 1999, and he became eligible for parole on June 29, 2003. The petitioner was denied parole in June of 2003 and again in June of 2004.

### III. Petitioner's Federal Habeas Corpus Claims

In his petition for habeas corpus relief, the petitioner raises four grounds for relief. First, he alleges that the West Virginia Parole Board placed undue emphasis on his past criminal history. Second, he alleges the West Virginia Parole Board failed to properly consider his rehabilitative programming and instead focused strictly on factors beyond his ability to change during the term of his incarceration. Third, he alleges that the West Virginia Parole Board gave undue weight to the negative aspects of his crime while failing to properly consider his positive programming and changes during his incarceration. Finally, the petitioner alleges that the West Virginia Parole Board failed to explain to him the requirements and behavior necessary to receive a more favorable consideration in the future.

### IV. Respondent's Motion To Dismiss

The respondent contends that the petition must be dismissed for failure to exhaust state remedies.

### V. <u>Analysis</u>

Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief. <u>See</u> 28 U.S.C. §2254(b). The petitioner bears the burden of proving exhaustion. <u>See</u> <u>Beard v. Pruett</u>, 134 F.3d 615, 619 (4th Cir. 1998); <u>Matthews v. Evatt</u>, 105 F.3d 907. 911 (4th cir. 1997).

On July 22, 2004, the petitioner filed a Petition for Habeas Corpus relief with the West Virginia Supreme Court of Appeals raising the same issues presented in his §2254 petition.

(Respondent's Exb. 3) On November 30, 2004, the West Virginia Supreme Court of Appeals issued an Order refusing the petition. (Respondent's Exb. 4)

West Virginia Code §53-4-1 provides concurrent jurisdiction in both the state circuit courts and the Supreme Court of Appeals for all habeas corpus actions. West Virginia has generally regarded a claim that an inmate was unconstitutionally denied parole as a claim against the lawfulness of his sentence and considered such claims under West Virginia Code §53-4A-1.[1] Therefore, petitions regarding the denial of parole are not the sole province of the West Virginia Supreme Court of Appeals.

Furthermore, Rule 14 of the West Virginia Rules of Appellate Procedure covers "original jurisdiction," including petitions for habeas corpus. Rule 14(b) covers rules to show cause and provides in pertinent part as follows:

> If the Court determines not to grant a rule to show cause, such determination shall be without prejudice to the right of the petitioner to present a petition to a lower court having proper jurisdiction, unless the Court specifically notes in the order denying a rule to show cause, that the denial is with prejudice.

The Order issued by the West Virginia Supreme Court of Appeals states simply "[u]pon consideration whereof, the Court is of the opinion that a rule should not be awarded, and the writ prayed for by the petitioner is hereby refused." (Respondent's Exb. 4) There being no denial with prejudice, the petitioner may pursue further relief before an appropriate West Virginia Circuit

---

[1] See, e.g., Stollings v. Haines, 212 W.Va. 45, 569 S.E.2d 121 (2002); Vance v. Holland, 177 W.Va. 607, 355 S.E.2d 396 (1987); Wooding v. Jarrett, 169 W.Va. 631, 289 SS.E.2d 301 (1981); Rowe v. Whyte, 167 W.Va. 688, 280 S.E.2d 301 (1981).

Court, and thus it is apparent that the petitioner has failed to exhaust state remedies,[2] and that, as a consequence, his petition must be dismissed. Rose v. Lundy, 455 U.S. 509, 515-516 (1982).

## VI. Recommendation

Based on the foregoing, it is recommended that the respondent's motion to dismiss be GRANTED and the petition be DISMISSED WITHOUT PREJUDICE to petitioner's right to renew the same following exhaustion of state remedies.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to Judge Frederick Stamp, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Recommendation to the petitioner and Charles Houdyschell Jr., Senior Assistant Attorney General, 112 California Ave., Building 4 Room 300, Charleston, WV 25305.

Dated: March 23, 2006

                                              /s/ James E. Seibert
                                              **JAMES E. SEIBERT**
                                              **UNITED STATES MAGISTRATE JUDGE**

---

[2] See, McDaniel v. Holland, 631 F.Supp. 1544 (S.D. W.Va. 1986).