IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRUCE DOAK,

    Petitioner,

v.                                        Civil Action No. 5:05CV175
                                                  (STAMP)

WILLIAM S. HAINES, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

On October 17, 2005, pro se petitioner, Bruce Doak ("Doak"), filed a petition under 28 U.S.C. § 2254 complaining of numerous irregularities allegedly committed by the parole board in reaching its decision denying Doak's application for parole. Doak's petition was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). On November 23, 2005, respondent filed a motion to dismiss for failure to exhaust state remedies. On December 27, 2005, the magistrate judge issued a Roseboro notice, to which no reply has been received.

On March 23, 2006, the magistrate judge entered a report recommending that respondent's motion to dismiss be granted and that Doak's § 2254 petition be dismissed without prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his

proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. To date, no objections have been filed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Web v. Califona, 486 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## II. Facts

On March 9, 2001, Doak was sentenced in the Circuit Court of Raleigh County, West Virginia, to a term of fifteen years on the charge of voluntary manslaughter. Doak did not appeal from his judgment of conviction and did not attempt to collaterally attack his conviction. Doak's effective sentencing date was changed to September 29, 1999, and he became eligible for parole on June 29, 2003. Doak was denied parole in June of 2003 and then again in June 2004.

2

III. <u>Discussion</u>

In his § 2254 petition, Doak argues that the West Virginia Parole Board: (1) placed undue emphasis on his past criminal history; (2) failed to properly consider his rehabilitative programming and instead focused strictly on factors beyond his ability to change during the term of his incarceration; (3) gave undue weight to the negative aspects of his crime while failing to properly consider his positive programming and changes during his incarceration; and (4) failed to explain to him the requirements and behavior necessary to receive a more favorable consideration in the future.

The respondent moved this Court to dismiss the petitioner's federal habeas petition, arguing that the petitioner failed to exhaust his state remedies.

The magistrate judge found that Doak failed to exhaust his state remedies. Doak filed a petition for habeas corpus relief in the West Virginia Supreme Court of Appeals alleging the same issues presented in his § 2254 petition in this civil action. Title 28, United States Code, Section 2254(b) provides that absent a valid excuse, a state prisoner must exhaust his remedies in state court before pursuing federal habeas relief. The petitioner bears the burden of proving exhaustion. <u>See</u> <u>Beard v. Pruett</u>, 134 F.3d 615, 619 (4th Cir. 1998).

West Virginia Code § 53-4-1 states that concurrent jurisdiction exists in both the state circuit courts and the

Supreme Court of Appeals for all habeas corpus actions. After consideration of Doak's petition, the West Virginia Supreme Court of Appeals issued an order refusing the petition. Specifically, the order stated that "[u]pon consideration whereof, the Court is of the opinion that a rule should not be awarded, and the writ prayed for by the petitioner is hereby refused." (Resp't's Ex. 4.)

Rule 14 of the West Virginia Rules of Appellate Procedure provides that "[i]f the Court determines not to grant a rule to show cause, such determination shall be without prejudice to the right of the petitioner to present a petition to a lower court having proper jurisdiction . . . ." Since the order did not deny Doak's petition with prejudice, Doak may pursue further relief before an appropriate West Virginia Circuit Court. <u>See e.g.</u> <u>Stollings v. Haines</u>, 569 S.E.2d 121 (W. Va. 2002)(petitions regarding the denial of parole are not the sole province of the West Virginia Supreme Court of Appeals). Thus, the magistrate judge found that Doak failed to exhaust his state remedies and recommended that his petition be dismissed.

Based upon these conclusions, the magistrate judge recommended that the respondent's motion to dismiss be granted, and that Doak's § 2254 petition be dismissed without prejudice.

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly

4

erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety.  Accordingly, for the reasons stated above, the respondent's motion to dismiss is GRANTED, and the petitioner's § 2254 petition is hereby DISMISSED WITHOUT PREJUDICE. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, under <u>Wright v. Collins</u>, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   June 6, 2006

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE